## Marple Township Commissioners

*Walter T. ReDavid*, for petitioner.
*Albert E. Holl*, for respondents.

SWENEY, P. J., April 2, 1963.—This petition comes before us en banc to set aside nomination petitions to fill the office of Township Commissioners in the Second, Fourth and Sixth Wards of the Township of Marple.

By a municipal election, held November 6, 1960, Marple Township became a first class township as of January 1, 1961. This court appointed five commissioners at large, two to serve two years and three to serve four years. Since 1961 was a municipal election year, commissioners had to be elected that year; the last day for filing nomination petitions was March 13, 1961; the primary election was held May 16, 1961. The commissioners appointed by the court were nominated and later elected at the November election of 1961.

On April 21, 1961, the court of quarter sessions of this county divided Marple Township into seven wards.

Section 407 of the First Class Township Code of June 24, 1931, P. L. 1206, added by the Act of May 27, 1949, P. L. 1955, provides, inter alia:

"At the first municipal election occurring at least ninety days after such division into wards, there shall be elected, by the registered electors of each ward of the township, one township commissioner, who shall reside in the ward for which he is elected . . ."

Petitioners are contending that the wards were created on April 21, 1961, the municipal election was held in November, 1961 (more than 90 days having expired), and, therefore, 1961 was the year in which the election for commissioner by wards should have been held; having passed that year, the court may appoint commissioners now for each ward to serve until the first Monday of January, 1964, and since 1963 is the year for the election of commissioners residing in odd numbered wards, only such commissioners may be elected this year.

We cannot agree. When the Township Code speaks of "the first municipal election," we interpret this to

mean the full process of an election, the filing of nomination petitions, the primary for nomination and the November election for election. It necessarily follows that "the first municipal election" after April 21, 1961, would be the municipal election this year.

It must be borne in mind that section 407, supra, also provides that commissioners in office, when a township is first divided into wards, continue in office until the expiration of their respective terms. Also commissioners, so elected, commence their terms on the first Monday of January next following their election. Consequently, since commissioners were elected as commissioners at large of a first class township, no vacancy exists until the election of commissioners from their respective wards, after the division into wards has been completed. In the circumstances, the court of quarter sessions has no right to fill vacancies; the basis for action by the court is (a) that a vacancy exists and (b) that the board of commissioners did not act to fill the vacancy within 30 days. It is patently unsound to argue that township commissioners elected at large may fill vacancies by appointing themselves as commissioners from their own wards and naming additional commissioners for wards which have no commissioners; as indicated above, if the commissioners have no right of appointment, the court has none.

### Decree

And now, April 2, 1963, it is ordered and decreed that the petition herein filed is dismissed and the bureau of elections is directed to place upon the primary election ballots the names of nominees of all parties for commissioner, by wards, in the Township of Marple.